CHRISTINE M. TOBIN-PRESSER, WSBA #27628    HONORABLE CHRISTOPHER M. ALSTON
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
Email: ctobin@bskd.com

**HEARING DATE:** **January 2, 2025**
**HEARING TIME:** **9:30 a.m. Pacific Time**
**RESPONSE DUE:** **December 26, 2024**
**LOCATION:** **Seattle Federal Courthouse**
**Courtroom 7206, 7th Floor**
**700 Stewart Street**
**Seattle, WA 98101**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 7 |
| CRAIG CLINTON ROMINGER and HEIDI KAY ROMINGER, | No. 24-11790-CMA |
| Debtors. | MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO SEEK REVOCATION OF DISCHARGE |

Jonathan Roberts, on his own behalf and as successor in interest to all claims by Glacia, Inc. ("Roberts"), moves the Court for an order reopening the above-captioned bankruptcy case (the "Bankruptcy Case') to seek revocation of the discharge of Craig Clinton Rominger ("Craig") and Heidi Kay Rominger ("Heidi") (Craig and Heidi are referred to collectively as, the "Romingers"). Attached hereto is a true copy of the Complaint for Revocation of Discharge that would be filed to the extent the Court grants this Motion. This Motion is based upon the files and records herein and upon the accompanying Declarations of Jonathan Roberts and Christine M. Tobin-Presser.

### I.    DISCLOSURES PURSUANT TO LOCAL BANKRUPTCY RULE 5010-1

The purpose of filing the case is to allow Roberts to proceed with an action under 11 U.S.C. § 727(d)(1). No notice of claims bar date was set in the Bankruptcy Case and no assets were

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

Case 24-11790-CMA    Doc 19    Filed 12/06/24    Ent. 12/06/24 11:37:09    Pg. 1 of 28

administered. Appointment of a trustee would not be required for Roberts to proceed with the § 727(d)(1) act but, as further described herein, it may be appropriate for a Chapter 7 trustee to be appointed to review the Debtor's financial position in light of the false disclosures and nondisclosures they made in the case.

## II.    SUMMARY OF MOTION

The Bankruptcy Schedules and Statement of Financial Affairs executed by the Romingers under penalty of perjury intentionally failed to disclose, and omitted any conceivable reference to, their relationship to Glacia, Inc. ("Glacia"), a company of which they are the majority shareholders and officers, and which is the subject of a receivership in which the Romingers have been actively involved from December 2022 to November 2024, including during the entirety of their bankruptcy. The Glacia receivership was initiated by Roberts on the basis that Craig had mismanaged Glacia and had failed to account for funds provided by investors, and that Glacia was insolvent.

The Romingers filed their bankruptcy knowing that the receiver's in-progress forensic accounting would confirm that they had diverted hundreds of thousands of dollars from Glacia to themselves and they intentionally failed to schedule Glacia or any other Glacia-related creditor in their initial petition, making multiple false statements in response to the Chapter 7 trustee's questions at the 341 meeting.

Only after a report of no distribution was issued, did the Romingers (a) amend their schedules to include the Glacia-related creditors and (b) amend their Statement of Financial Affairs (SOFA) to make an incomplete disclosure regarding Glacia. The Romingers provided no notice of the bankruptcy to the newly added creditors. The first and only notice received by the Glacia-related creditors was the notice of discharge issued on October 23, 2024. The case was closed one day later.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

In the case of Roberts, the notice of discharge was incorrectly addressed and he received the notice from the receiver on November 13, 2024.

Roberts requests that the Court reopen the Bankruptcy Case in order that he may file a Complaint for Revocation of Discharge Pursuant to 11 U.S.C. § 727(d)(1) substantially in the form attached hereto Exhibit A (the "Discharge Complaint").

## III.  BACKGROUND FACTS

### A.  Glacia, the Romingers Relationship to Glacia, and Glacia's Investors

Debtor Craig Rominger is the co-founder, Chief Executive Officer, Chairman of the Board of Directors and President of Glacia, Inc. ("Glacia"), a Delaware corporation he founded.  Roberts Decl., Ex. A at ¶ 1.  Heidi Rominger is the Secretary of Glacia.  *See, e.g.,* Roberts Decl., Ex. U.  The Romingers collectively hold approximately 74% of the common stock of Glacia.  Roberts Decl., Ex. A at Exhibit 1 (Glacia Capitalization Table).

From April 2021 and through February, 2022, Roberts invested $325,000 in Glacia.  Roberts Decl. Ex. A at ¶ 12.  During the same time period, other individuals whom Roberts directly and indirectly introduced to Rominger invested an additional $240,000 in Glacia.  *Id.*; Roberts Decl., Ex. B at § 2.B.  These individuals included Carl Grether ("Grether"), Fred Brown ("Brown"), Douglas Backous ("Backous"), Bruce Montgomery ("Montgomery"), Steven Freidel ("Freidel") and Melissa Mulholland ("Mulholland").  Roberts Decl., Ex. A at ¶ 14.

From August 2022 to October 2022, other individuals invested an additional $400,000 in Glacia.  These individuals included Kirsten Johnson ("Johnson"), John Dowdell ("Dowdell"), Joel Ruhoff ("Ruhoff"), Kirk Brennan ("Brennan"), Carlos Gil ("Gil"), and Kelly Baugh and David Baugh (together, "Baugh").  Roberts Decl., Ex. C.

### B.  Commencement and Expansion of the Receivership

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

1     On December 19, 2022, Roberts filed a Petition for Appointment of General Receiver Pursuant

2 to RCW 7.60.025 (the "Petition") with the Snohomish County Superior Court (the "State Court"),

3 Case No. 22-2-07724-31 (the "Receivership Action"). Roberts Decl. In connection therewith,

4 Roberts filed a Motion for Appointment of General Receiver Pursuant to RCW 7.60.025. Roberts

5 Decl., Ex. B. The Petition was expressly supported by virtually all non-Rominger investors then in

6 existence, including Backous, Montgomery, Brown, Grether and Mulholland. *Id.* at § IV. The bases

7 of the Receivership Action were that Craig Rominger had manifested an intention to transfer revenue

8 producing assets away from Glacia, Glacia was insolvent, and Craig Rominger had failed to provide

9 an accounting of Glacia's use of investor funds. Roberts Decl., Ex. B. Craig Rominger caused Glacia

10 to oppose the Receivership by asserting, among other things, that Glacia's intellectual property was

11 highly valuable and thus, Glacia was not insolvent. Roberts Decl.

12     On March 27, 2023, the State Court entered an Order Appointing Receiver for Specified

13 Purposes, pursuant to which it appointed Dominique Scalia (the "Receiver") to (a) protect Glacia's

14 assets from wrongful or fraudulent transfer and (b) conduct a valuation of Glacia's assets. Roberts

15 Decl. On May 5, 2023, the State Court entered an Amended Order Appointing Receiver for Specified

16 Purposes. Roberts Decl., Ex. D. The specified purposes for which the Receiver was initially

17 appointed did not include the Receiver obtaining control of Glacia's bank accounts or funds and thus,

18 such control remained with the Romingers. *Id.*

19 **C.**    **The Receiver's Second Interim Report and Roberts' Motion to Compel**

20     As part of the specified purposes for which the Receiver was initially appointed, the Receiver

21 issued three reports with respect to her review of Glacia's books and records and the valuation of

22 Glacia's assets. These were the Receiver's First Interim Report, the Receiver's Second Interim

23 Report, and the Receiver's Third and Final Report. Roberts Decl.

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 4

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

The Receiver issued her Second Interim Report on August 4, 2023. Roberts Decl., Ex. E. The Second Interim Report described, among other things, that Craig Rominger had failed and refused to provide the Receiver the required access to Glacia's books and records. *Id.* at at 2:6-5:17. The Second Interim Report further detailed that the QuickBooks records that the Receiver had been able to review reflected $303,224.33 in alleged reimbursements from Glacia since June 2021, the majority of which the Receiver had been unable to substantiate. Roberts Decl., Ex. E at 11:8-12:11. The purported expense reimbursement report attached to the Second Report reflected payments on account of the Romingers' personal expenses, including orthodontist expenses, retail expenditures including Lululemon, Nordstrom and Dillards and high-end pet food purchases. Roberts Decl., Ex. E.

Upon learning of the unsubstantiated reimbursements from the Second Interim Report, Roberts immediately filed a Motion to Compel Glacia/Rominger to Comply with Order Appointing Receiver and Confirming Receiver's Subpoena Authority ("Motion to Compel") with the State Court. In the Motion to Compel, Roberts emphasized that "**[c]laims for improper reimbursement and/or distribution are assets of the company [Glacia]** to be included in the valuation." Roberts Decl., Ex. F at 3:20-23 (emphasis added). Thus, as of at least August 9, **2023**, the Romingers were aware of potential claims against them for misuse of Glacia's funds.

**D.** **Roberts Obtains Protective Order Against Rominger**

On August 15, 2023, due to disturbing and escalating behavior by Craig Rominger targeting Roberts, Roberts sought a Protection Order against Craig Rominger in King County Superior Court, Case No. 23-2-15262-02 SEA (the "Protection Order Action"). Roberts Decl. On August 18, 2023, the court issued a Temporary Protection Order in favor of Roberts and against Rominger. *Id.* On October 5, 2023, after notice and a hearing, the court entered a final Protection Order in favor of Roberts and against Rominger. *Id.* at Ex. G.

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

**E.** **Expansion of Receiver's Role to that of General Receiver**

After the two valuation experts engaged by the Receiver issued their reports confirming that Glacia's intellectual property had nominal (if any) value and thus, Glacia was insolvent, Roberts moved for the expansion of the Receiver's role to that of a general receiver. Roberts Decl., Ex. H. Roberts' motion to expand the receivership was expressly supported by most of Glacia's non-Rominger investors through declarations. *Id.* at 1:15-17. On December 12, 2023, the State Court entered an Order Expanding Role of Receiver to General Receiver Pursuant to RCW § 7.60.025. Roberts Decl., Ex. I.

**F.** **The Receiver Employs a Forensic Accountant**

On December 22, 2023, upon the motion of the Receiver, the State Court approved the Receiver's employment of Pivotal Services to, among other things, "review Glacia's financial records to determine whether the estate holds any valuable claims related to the company's prior transactions." Roberts Decl., Exs. J and K. From January 2024 to September 2024, Pivotal conducted a review of Glacia's financial records and prepared a report with respect thereto (the "Pivotal Report"), which was completed and circulated on September 18, 2024, during the pendency of the Romingers' bankruptcy. Roberts Decl., Ex. L. The Pivotal Report makes clear that the Romingers failed to provide reliable documentation to justify the hundreds of thousands of dollars of Glacia's funds that they used for their personal benefit. *Id.*

**G.** **Craig Rominger Submits Two Proofs of Claim in Receivership**

On or about February 20, 2024, Craig Rominger submitted two proofs of claim in the Receivership asserting under penalty of perjury that he held claims totaling $607,499 against Glacia for unpaid wages and loans from January 1, 2021 to December 12, 2023. Roberts Decl., Ex. M.

**H.** **Romingers File Chapter 7 Omitting Any Glacia-Related Information**

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

Case 24-11790-CMA    Doc 19    Filed 12/06/24    Ent. 12/06/24 11:37:09    Pg. 6 of 28

On July 18, 2024 (the "Petition Date"), the Romingers filed their Chapter 7 petition, schedules (each, a "Schedule") and statement of financial affairs (the "SOFA"). Docket No. 1. The Romingers are both financially sophisticated and capable of understanding the disclosures required by the Schedules and SOFA. Heidi Rominger is a certified public account, employed by the global firm of Anderson. Roberts Decl., Ex. W. In a declaration filed with the State Court on January 6, 2023, Craig Rominger described himself as "extremely proficient at analyzing financial data and assessing the corporate financial health," and having an "expertise in finance and accounting." Roberts Decl., Ex. V at ¶ 5. The Schedules and SOFA initially filed by the Romingers are devoid of any reference to Glacia or any Glacia-related asset or obligation and contain the following false representations and omissions:

1. In response to Schedule A/B 19, the Romingers falsely represented that they held no stock in any corporation when, in fact, they held over 74% of the common stock in Glacia.

2. In response to Schedule A/B 33, the Romingers falsely represented that they have no claims against third parties when, in fact, Craig Rominger submitted $607,499 in claims against Glacia under penalty of perjury in February 2024.

3. The Romingers did not schedule Glacia, Roberts, or any other Glacia investor as a potential creditor on Schedule F, notwithstanding their knowledge that Pivotal was investigating potential improper distributions to them and that Roberts had asserted that any such improper distributions would be claims held by Glacia.

4. The Romingers did not disclose the Protection Order Action in response to SOFA No. 9, notwithstanding that it is an action to which Craig Rominger was a party in the year before the Petition Date.

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

Case 24-11790-CMA    Doc 19    Filed 12/06/24    Ent. 12/06/24 11:37:09    Pg. 7 of 28

5. SOFA No. 27 requires disclosure of any corporation as to which either of the Romingers was an officer, director or managing executive and/or an owner of at least 5% of the voting securities. The Romingers failed to disclose that they held over 74% of Glacia's common stock and that they were both corporate officers of Glacia as of the Petition Date.

**I.** **No Notice of Bankruptcy or Objection to Dischargeability Deadline**

On July 21, 2024, the Bankruptcy Court mailed the Notice of Chapter 7 Bankruptcy Case to only those creditors that had been scheduled by the Romingers. Docket Nos. 7 and 8. The notice included the October 18, 2024 deadline for filing complaints objecting to the Romingers' discharge and/or to the dischargeability of certain debts (the "Discharge Objection Deadline"). Docket No. 7. Glacia, the Receiver and Roberts did not receive notice of the Bankruptcy Case or the Discharge Objection Deadline until after the discharge had been issued and the Bankruptcy Case had been closed.

**J.** **Romingers Make Knowingly False Statements at 341 Meeting**

On August 19, 2024, the Romingers appeared virtually and testified under oath at the Section 341 Meeting of Creditors (the "341 Meeting"). Attached as Exhibit N to the Roberts Declaration is a true copy of the transcript of the 341 Meeting.

The Romingers each falsely testified that the information in their bankruptcy filing was true and correct. Roberts Decl., Ex. N. at 3:22-4:7. The Romingers each falsely testified that they had listed all assets and debts in their bankruptcy schedules. Roberts Decl., Ex. N. at 4:11-14. The Romingers each testified that they do not hold claims against anyone and that no one owes them any money, notwithstanding the $607,499 in claims Craig Rominger had submitted under penalty of perjury in the Receivership. Roberts Decl., Ex. N. at 5:9-15.

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

**One day** after the 341 Meeting, Craig Rominger filed a pleading in State Court seeking removal of the Receiver, and reiterating his claims in the Receivership:

> Rominger has both **a potential monetary interest in sale proceeds**, and an interest in [Glacia's] succession . . .

> Rominger **is a creditor** of the [Receivership] estate. The higher the purchase price of [Glacia] assets, the more likely Rominger is to receive sale proceeds (this is also true for other creditors). **Rominger, along with the other creditors** not named Roberts, have an interest in transparent and competitive bidding, overseen by a neutral. (Emphasis added).

Roberts Decl., Ex. O at 9:15-23.

**K.      Roberts Acquires Glacia Assets Including Claims Against the Romingers**

On July 18, 2024, while the Romingers' bankruptcy was pending, Roberts made a credit bid offer to the Receiver to purchase all assets of Glacia pursuant to the terms of an Asset Purchase Agreement ("APA") which specifically included "[a]ll rights and **claims held by Glacia against any third parties** and all underlying documents associated therewith." (Emphasis added).

On August 23, 2024, the Receiver filed a motion for approval of Roberts' credit bid and bid procedures which included a copy of the APA and provided the Romingers with a copy thereof. Roberts Decl., Ex. Q.

On September 3, 2024, Roberts filed a motion with the State Court seeking to ensure that all interested bidders received a copy of the forthcoming Pivotal Report as part of the due diligence process. Roberts Decl., Ex. R. The motion was served on the Romingers and stated in relevant part:

> The sources and uses of a business' funds are part of standard business information provided to interested purchasers in connection with their due diligence. **The Report may also provide information that would underlie claims against third parties for misappropriation of funds**, which claims are also being sold by the Receiver. Three of the four known interested bidders – all connected to Rominger – already have access to the information **through Rominger, who controlled Glacia's funds**. (Emphasis added).

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    *Id.* at 2:1-8 (emphasis added).

2         No other offers aside from Roberts' were received and on October 8, 2024, the State Court

3    entered an Order Graning Motion to Verify Bid Results, authorizing and directing the Receiver to

4    complete the sale of assets to Roberts.  Roberts Decl., Ex. S.  The Receiver completed the sale and

5    Roberts now holds all claims previously held by Glacia.  Roberts Decl., Exs. Q and S.

6         Had Glacia or Roberts been provided notice of the Bankruptcy Case and the Discharge

7    Objection Deadline, Roberts would have objected to the Romingers discharge and to the

8    dischargeability of any obligation of the Romingers to Glacia, including pursuant to 11 U.S.C. § 523

9    (a)(4).  Roberts Decl.

10   **L.    Romingers Amend Their Schedules And Do Not Provide Notice to Newly Added**
11   **Creditors**

12        On August 23, 2024, the Chapter 7 Trustee (the "Trustee") issued his Report of No

13   Distribution.

14        On September 7, 2024, the Romingers amended their Schedule F to include Glacia and Glacia

15   investors Montgomery, Grether, David Baugh and Kelly Baugh, Backous, Brown, Dowdell,

16   Mulholland and Johnson as disputed potential creditors.  Docket No. 10.  Rather than scheduling

17   Roberts as a disputed creditor, the Romingers scheduled Roberts' company, RPrime Foundation, to

18   Schedule F, care of Roberts, with an incorrect address.  Roberts Decl.  The Romingers also added the

19   Receiver's law firm, DBS Law LLC as a disputed potential creditor.  Docket No. 10 at Schedule E/F.

20        In short, the Romingers belatedly identified the Receiver and all Glacia investors that had

21   supported the Receivership as potential disputed creditors.

22        The Romingers did not provide any notice of the Bankruptcy Case or the Discharge Objection

23   Deadline to the Receiver, Glacia, Roberts or any other newly added Glacia-related creditors.

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

1     Also on September 7, 2024, the Romingers amended SOFA 27 to identify Glacia as an entity

2     as to which they had an officer connection.  Docket No. 9 at SOFA 27.  However, the Romingers

3     continued to omit and conceal their majority ownership interest in Glacia.  *Id.*

**M.**    **Discharge is Issued and Case is Closed Three Days Later With No Notice to Roberts.**

5     On October 21, 2024, a discharge was granted to the Romingers under 11 U.S.C. § 727.

6     Docket No. 17.  On October 23, 2024, notice of the discharge was mailed to creditors, including the

7     Glacia-related creditors that had received no other notice of the Bankruptcy Case.  Docket No. 18.

8     One day later, on October 24, 2024, the Bankruptcy Case was closed.

9     Roberts did not receive the notice of discharge from the Bankruptcy Court, presumably

10     because it was sent to the incorrect address scheduled by the Romingers.  Roberts Decl.  Roberts first

11     heard of the Bankruptcy Case from two separate Glacia-related investors that had received the notice

12     of discharge, after the Bankruptcy Case had been closed.  *Id.*  On November 13, 2024, in connection

13     with the Receiver's transfer of Glacia's assets to Roberts, the Receiver provided Roberts with a copy

14     of the notice of discharge she had received.  Roberts Decl., Ex. T.

### IV.    LEGAL ANALYSIS

16     Bankruptcy Code § 350(b) provides that "[a] case may be reopened in the court in which such

17     case was closed to administer assets, to accord relief to the debtor, or for other cause."  The closing of

18     a bankruptcy case does not necessarily deprive the bankruptcy court of subject matter jurisdiction over

19     a an action relating to dischargeability and reopening is not always required.  *See In re Menk,* 241

20     B.R. 896, 904 (9th Cir. BAP 1999).  Relevant questions in determining whether reopening is necessary

21     include the nature of the civil action, the necessary parties and the potential impact on the estate.  *Id.*;

22     *In re Ransom*, 2000 WL 33712560 at *2-*3 (Bankr. D. Idaho 2000).  A discharge revocation action, if

23     successful, would significantly impact the rights of creditors holding otherwise dischargeable claims.

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

Case 24-11790-CMA    Doc 19    Filed 12/06/24    Ent. 12/06/24 11:37:09    Pg. 11 of 28

*Id.* Likewise, given the Romingers' failure to disclose potential assets and liabilities relating to Glacia, Chapter 7 trustee involvement in the reopened case may be necessary and appropriate in undertaking a closer examination of the Romingers' financial picture generally and/or participating in the § 727(d) action. Therefore, reopening the Rominger's Bankruptcy Case to allow for creditor notification of, and potential trustee involvement, in the revocation proceeding is appropriate.

## V. CONCLUSION

Based upon the foregoing, Roberts respectfully requests that the Court enter an order reopening the Rominger's bankruptcy case for adjudication of the Discharge Complaint and any other appropriate further administration.

DATED this 6th day of December, 2024.

BUSH KORNFELD LLP


By_____/s/ Christine M. Tobin-Presser_____
    Christine M. Tobin-Presser, WSBA #27628
    Attorneys for Jonathan Roberts

MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO
SEEK REVOCATION OF DISCHARGE– Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk21ee01fb

Case 24-11790-CMA    Doc 19    Filed 12/06/24    Ent. 12/06/24 11:37:09    Pg. 12 of 28

# EXHIBIT A

HONORABLE CHRISTOPHER M. ALSTON

1
2
3
4
5
6
7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

8
9

In re

CRAIG CLINTON ROMINGER and HEIDI KAY
ROMINGER,

Debtors.

Chapter 7

No. 24-11790-CMA

COMPLAINT FOR REVOCATION OF
DISCHARGE PURSUANT TO
11 U.S.C. 727(d)(1)

Jonathan Roberts ("Plaintiff" or "Roberts") alleges as follows:

## I. PARTIES

A.      Roberts is a creditor of Craig Clinton Rominger and Heidi Kay Rominger (together, the "Romingers").  Roberts is also the successor-in-interest to any claims held by Glacia, Inc. against the Romingers.

B.      Craig Clinton Rominger ("Craig") is a debtor in the above-captioned bankruptcy case in which this adversary proceeding arises (the "Bankruptcy Case").

C.      Heidi K. Rominger ("Heidi") is a debtor in the above-captioned bankruptcy case in which this adversary proceeding arises (the "Bankruptcy Case").

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk22ez01c4

## II. JURISDICTION

A.     This Court has jurisdiction under 28 U.S.C. §§ 157(j) and 1334(b) over the subject matter of this proceeding because the claims asserted herein arise under the Bankruptcy Code and are related to the above-captioned case pending under the Bankruptcy Code in this Court.

B.     Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in this Court is proper because the Debtor's bankruptcy case (the "Bankruptcy Case") is pending in this district.

## III.  FACTS

### The Romingers' Control Over Glacia, Inc.

1.     At all times relevant to this action, Craig was the Chief Executive Officer, Chairman of the Board of Directors and, according to Rominger, the president of Glacia, Inc. ("Glacia"), a Delaware corporation he founded.

2.     At all times relevant to this action, Heidi was the Secretary of Glacia.

3.     At all times relevant to this action, the Romingers collectively have held approximately 74% of the common stock of Glacia.

### Investment by Third Parties in Glacia

4.     From April 2021 and through February, 2022 Roberts invested $325,000 in Glacia.

5.     During the same time period, other individuals whom Roberts directly and indirectly introduced to Rominger invested an additional $240,000 in Glacia.

6.     These individuals included Carl Grether ("Grether"), Fred Brown ("Brown"), Douglas Backous ("Backous"), Bruce Montgomery ("Montgomery"), Steven Freidel ("Freidel") and Melissa Mulholland ("Mulholland").

7.     From August 2022 to October 2022, other individuals invested an additional $400,000 in Glacia.  These individuals included Kirsten Johnson ("Johnson"), John Dowdell ("Dowdell"), Joel

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk22ez01c4

1  Ruhoff ("Ruhoff"), Kirk Brennan ("Brennan"), Carlos Gil ("Gil"), and Kelly Baugh and David Baugh

2  (together, "Baugh").

3      8.      Through at least December 12, 2023, Craig and Heidi had exclusive control of Glacia,

4  Inc.'s funds.

5      **Commencement and Expansion of the Receivership**

6      9.      On December 19, 2022, Roberts filed a Petition for Appointment of General Receiver

7  Pursuant to RCW 7.60.025 (the "Petition") with the Snohomish County Superior Court (the "State

8  Court"), Case No. 22-2-07724-31 (the "Receivership Action").

9      10.     The Petition was expressly supported by virtually all non-Rominger investors then in

10  existence, including Backous, Montgomery, Brown, Grether and Mulholland.

11      11.     The bases of the Petition were that Craig Rominger had manifested an intention to

12  transfer revenue producing assets away from Glacia, Glacia was insolvent, and Craig Rominger had

13  failed to provide an accounting of Glacia's use of investor funds.

14      12.     Craig Rominger filed a declaration in opposition to the appointment of a receiver,

15  asserting, among other things, that Glacia's intellectual property was highly valuable and thus, Glacia

16  was not insolvent.

17      13.     On March 27, 2023, the State Court entered an Order Appointing Receiver for

18  Specified Purposes, pursuant to which it appointed Dominique Scalia (the "Receiver") to (a) protect

19  Glacia's assets from wrongful or fraudulent transfer and (b) conduct a valuation of Glacia's assets.

20      14.     On May 5, 2023, the State Court entered an Amended Order Appointing Receiver for

21  Specified Purposes.

22

23

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk22ez01c4

15.     The specified purposes for which the Receiver was initially appointed did not include the Receiver obtaining control of Glacia's bank accounts or funds and thus, such control remained with the Romingers.

**The Receiver's Second Interim Report**

16.     As part of the specified purposes for which the Receiver was initially appointed, the Receiver issued three reports with respect to her review of Glacia's books and records and the valuation of Glacia's assets.  These were the Receiver's First Interim Report, the Receiver's Second Interim Report, and the Receiver's Third and Final Report.

17.     The Receiver issued her Second Interim Report on August 4, 2023.

18.     The Second Interim Report described, among other things, that Craig Rominger had failed and refused to provide the Receiver the required access to Glacia's books and records.

19.     The Second Interim Report further detailed that the QuickBooks records that the Receiver had been able to review reflected $303,224.33 in alleged reimbursements from Glacia since June 2021, the majority of which the Receiver had been unable to substantiate.

20.     The purported expense reimbursement report attached to the Second Report reflected payments on account of the Romingers' personal expenses, including orthodontist expenses, retail expenditures including Lululemon, Nordstrom and Dillards and high-end pet food purchases.

21.     Upon learning of the unsubstantiated reimbursements from the Second Interim Report, Roberts immediately filed a Motion to Compel Glacia/Rominger to Comply with Order Appointing Receiver and Confirming Receiver's Subpoena Authority ("Motion to Compel") with the State Court. In the Motion to Compel, Roberts emphasized that "**[c]laims for improper reimbursement and/or distribution are assets of the company [Glacia]** to be included in the valuation."  (Emphasis added).

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

22. Thus, as of at least August 9, **2023**, the Romingers were aware of potential claims against them for misuse of Glacia's funds.

### Roberts Obtains Protective Order Against Rominger

23. On August 15, 2023, due to disturbing and escalating behavior by Craig Rominger targeting Roberts, Roberts sought a Protection Order against Craig Rominger in King County Superior Court, Case No. 23-2-15262-02 SEA (the "Protection Order Action").

24. On August 18, 2023, the court issued a Temporary Protection Order in favor of Roberts and against Rominger.

25. On October 5, 2023, after notice and a hearing, the court entered a final Protection Order in favor of Roberts and against Rominger.

### Expansion of Receiver's Role to that of General Receiver

26. After the two valuation experts engaged by the Receiver issued their reports confirming that Glacia's intellectual property had nominal (if any) value and thus, Glacia was insolvent, Roberts moved for the expansion of the Receiver's role to that of a general receiver.

27. Roberts' motion to expand the receivership was expressly supported by most of Glacia's non-Rominger investors through declarations.

28. On December 12, 2023, the State Court entered an Order Expanding Role of Receiver to General Receiver Pursuant to RCW § 7.60.025.

### The Receiver Employs a Forensic Accountant

29. On December 22, 2023, upon the motion of the Receiver, the State Court approved the Receiver's employment of Pivotal Services to, among other things, "review Glacia's financial records to determine whether the estate holds any valuable claims related to the company's prior transactions."

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

30. Pivotal conducted a review of Glacia's financial records and thereafter prepared a report with respect thereto (the "Pivotal Report").

31. As part of Pivotal's review of records, Pivotal sought information from Craig Rominger regarding backup for the amounts that the Romingers had received from Glacia.

32. The Pivotal Report makes clear that the Romingers failed to provide reliable documentation to justify the hundreds of thousands of dollars of Glacia's funds that they used for their personal benefit.

**Craig Rominger Submits Two Proofs of Claim in Receivership**

33. On or about February 20, 2024, Craig Rominger submitted two proofs of claim in the Receivership asserting under penalty of perjury that he held claims totaling $607,499 against Glacia for unpaid wages and loans from January 1, 2021 to December 12, 2023.

**Romingers File Chapter 7 Omitting Any Glacia-Related Information**

34. On July 18, 2024 (the "Petition Date"), the Romingers filed their Chapter 7 petition, schedules (each, a "Schedule") and statement of financial affairs (the "SOFA").

35. The Romingers are both financially sophisticated and capable of understanding the disclosures required by the Schedules and SOFA.

36. Heidi Rominger is a certified public account, employed by the global firm of Anderson.

37. In a declaration filed with the State Court on January 6, 2023, Craig Rominger described himself as "extremely proficient at analyzing financial data and assessing the corporate financial health," and having an "expertise in finance and accounting."

38. The Romingers' bankruptcy schedules and SOFA made no reference to Glacia or any Glacia-related asset or obligation.

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk22ez01c4

39.     In response to Schedule A/B 19, the Romingers falsely represented that they held no stock in any corporation when, in fact, they held over 74% of the common stock in Glacia.

40.     In response to Schedule A/B 33, the Romingers falsely represented that they have no claims against third parties when, in fact, Craig Rominger submitted $607,499 in claims against Glacia under penalty of perjury in February 2024.

41.     The Romingers did not schedule Glacia, Roberts, or any other Glacia investor as a potential creditor on Schedule F, notwithstanding their knowledge that Pivotal was investigating potential improper distributions to them and that Roberts had asserted that any such improper distributions would be claims held by Glacia.

42.     The Romingers did not disclose the Protection Order Action in response to SOFA No. 9, notwithstanding that it is an action to which Craig Rominger was a party in the year before the Petition Date.

43.     SOFA No. 27 requires disclosure of any corporation as to which either of the Romingers was an officer, director or managing executive and/or an owner of at least 5% of the voting securities.  The Romingers failed to disclose that they held over 74% of Glacia's common stock and that they were both corporate officers of Glacia as of the Petition Date.

**No Notice of Bankruptcy or Objection to Dischargeability Deadline**

44.     On July 19, 2024, the Bankruptcy Court mailed the Notice of Chapter 7 Bankruptcy Case to only those creditors that had been scheduled by the Romingers.  The notice included the October 18, 2024 deadline for filing complaints objecting to the Romingers' discharge and/or to the dischargeability of certain debts (the "Discharge Objection Deadline").

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk22ez01c4

45.     Glacia, the Receiver and Roberts did not receive notice of the Bankruptcy Case or the Discharge Objection Deadline until after the discharge had been issued and the Bankruptcy Case had been closed.

**Romingers Make Knowingly False Statements at 341 Meeting**

46.     On August 19, 2024, the Romingers appeared virtually and testified under oath at the Section 341 Meeting of Creditors (the "341 Meeting").

47.     The Romingers each falsely testified that the information in their bankruptcy filing was true and correct.

48.     The Romingers each falsely testified that they had listed all assets and debts in their bankruptcy schedules.

49.     The Romingers each testified that they do not hold claims against anyone and that no one owes them any money, notwithstanding the $607,499 in claims Craig Rominger had submitted under penalty of perjury in the Receivership.

50.     One day after the 341 Meeting, Craig Rominger filed a pleading in State Court seeking removal of the Receiver, and reiterating his claims in the Receivership:

> Rominger **is a creditor** of the [Receivership] estate.  The higher the purchase price of [Glacia] assets, the more likely Rominger is to receive sale proceeds (this is also true for other creditors).  **Rominger, along with the other creditors** not named Roberts, have an interest in transparent and competitive bidding, overseen by a neutral. (Emphasis added).

**Roberts Acquires Glacia Assets Including Claims Against the Romingers**

51.     On July 18, 2024, Roberts made a credit bid offer to the Receiver to purchase all assets of Glacia pursuant to the terms of an Asset Purchase Agreement ("APA") which specifically included "[a]ll rights and **claims held by Glacia against any third parties** and all underlying documents associated therewith."  (Emphasis added).

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

52.     On August 23, 2023, the Receiver filed a motion for approval of Roberts' credit bid and bid procedures which included a copy of the APA and provided the Romingers with a copy thereof.

53.     On September 3, 2024, Roberts filed a motion with the State Court seeking to ensure that all interested bidders received a copy of the forthcoming Pivotal Report as part of the due diligence process.  The motion was served on the Romingers and stated in relevant part:

> The sources and uses of a business' funds are part of standard business information provided to interested purchasers in connection with their due diligence.  **The Report may also provide information that would underlie claims against third parties for misappropriation of funds**, which claims are also being sold by the Receiver.  Three of the four known interested bidders – all connected to Rominger – already have access to the information **through Rominger, who controlled Glacia's funds**.  (Emphasis added).

54.     No other offers aside from Roberts' were received and on and on October 8, 2024, the State Court entered an Order Graning Motion to Verify Bid Results, authorizing and directing the Receiver to complete the sale of assets to Roberts, which the Receiver did.

55.     Roberts is now the owner of all claims held by Glacia.

56.     Had Glacia or Roberts been provided notice of the Bankruptcy Case and the Discharge Objection Deadline, Roberts would have objected to the Romingers discharge and to the dischargeability of any obligation of the Romingers to Glacia, including pursuant to 11 U.S.C. § 523 (a)(4).

**<u>Romingers Amend Their Schedules And Do Not Provide Notice to Newly Added Creditors</u>**

57.     On August 23, 2024, the Chapter 7 Trustee (the "Trustee") issued his Report of No Distribution.

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 24-11790-CMA    Doc 19    Filed 12/06/24    Ent. 12/06/24 11:37:09    Pg. 22 of 28

58. On September 7, 2024, the Romingers amended their Schedule F to include Glacia and Glacia investors Montgomery, Grether, David Baugh and Kelly Baugh, Backous, Brown, Dowdell, Mulholland and Johnson as disputed potential creditors.

59. Rather than scheduling Roberts as a disputed creditor, the Romingers scheduled Roberts' company, RPrime Foundation, to Schedule F, care of Roberts, with an incorrect address.

60. The Romingers also added the Receiver's law firm, DBS Law LLC as a disputed potential creditor.

61. In short, the Romingers belatedly identified the Receiver and all Glacia investors that had supported the Receivership as potential disputed creditors.

62. The Romingers did not provide any notice of the Bankruptcy Case or the Discharge Objection Deadline to the Receiver, Glacia, Roberts or any other newly added Glacia-related creditors.

63. Also on September 7, 2024, the Romingers amended SOFA 27 to identify Glacia as an entity as to which they had an officer connection. However, the Romingers continued to omit and conceal their majority ownership interest in Glacia.

**<u>Discharge is Issued and Case is Closed Three Days Later With No Notice to Roberts</u>**.

64. On October 21, 2024, a discharge was issued to the Romingers under 11 U.S.C. § 727.

65. On October 23, 2024, notice of the discharge was sent to creditors, including the Glacia-related creditors that had previously received no notice of the Bankruptcy Case.

66. One day later, on October 24, 2024, the Bankruptcy Case was closed.

67. Roberts did not receive the notice of discharge from the Bankruptcy Court, presumably because it was sent to the incorrect address scheduled by the Romingers.

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk22ez01c4

68. Roberts first heard of the Bankruptcy Case from two separate Glacia-related investors that had received the notice of discharge, after the Bankruptcy Case had been closed.

69. On November 13, 2024, in connection with the Receiver's transfer of Glacia's assets to Roberts, the Receiver provided Roberts with a copy of the notice of discharge she had received.

## IV.    CAUSE OF ACTION

1. The Romingers knowingly omitted their approximately 74% ownership of Glacia's common stock from Schedule A/B 19 and SOFA 27.

2. At the 341 Meeting, the Romingers each falsely testified that they had scheduled all of their assets.

3. The Romingers knowingly failed to disclose their corporate officer positions with Glacia until after the 341 Meeting and after the Trustee issued his Report of No Distribution.

4. The Romingers knowingly failed to disclose the $607,499 in claims Craig Rominger had asserted against Glacia in Schedule A/B.

5. The Romingers each knowingly falsely testified at the 341 Meeting that they had no claims against anyone and that they had listed all assets, notwithstanding that Craig Rominger had asserted two pending claims against Glacia totaling $607,499, which he reiterated in a pleading one day after the Romingers' false testimony at the 341 Meeting.

6. As of the Petition Date, the Romingers were aware that Glacia held potential claims against them for improper use of Glacia's funds.

7. The Romingers intentionally failed to include Glacia or any Glacia-related potential creditors from their Schedule F.

8. The Romingers each knowingly falsely testified at the 341 Meeting that they had scheduled all debts.

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk22ez01c4

1    9.    After notice of the Bankruptcy Case had already been sent by the Bankruptcy Court,

2    after the 341 Meeting had taken place, and after the Trustee had issued his Report of No Distribution,

3    the Romingers amended their Schedule F to include the Glacia-related creditors, including Glacia and

4    Roberts.

5    10.    The Romingers intentionally did not provide the Receiver, Glacia, Roberts or the

6    belatedly scheduled Glacia investors notice of the Bankruptcy Case or the Discharge Objection

7    Deadline.

8    11.    Notwithstanding that the Romingers amended their Schedule F and SOFA after the 341

9    Meeting at which the Trustee asked about business connections, the Romingers continued to omit

10    their majority ownership interest in Glacia from Bankruptcy Schedule A/B 19 and SOFA 27.

11    12.    The Romingers' intentional failure to schedule Glacia-related assets and liabilities,

12    their omission of their connection to Glacia, their knowingly false statements under penalty of perjury

13    at their 341 Meeting and their intentional belated scheduling of Glacia investors without notice, are

14    grounds for denial of their discharge pursuant to, at a minimum, 11 U.S.C. § 727(a)(4).

15    13.    Had the Receiver, Roberts, or other Glacia investors received notice of the Bankruptcy

16    Case and the Discharge Objection Deadline, they could have objected to the Romingers' discharge

17    and to the dischargeability of the Romingers' obligations to Glacia and its shareholders pursuant to, at

18    a minimum, 11 U.S.C. §§ 727(a)(4) and 523(b)(4).

19    14.    The Romingers' intentional failure to schedule any potential claims against them, as

20    officers of Glacia, for misuse of Glacia's funds, is a ground for denial of the dischargeability of those

21    claims pursuant to 11 U.S.C. § 523(a)(3).

22    15.    As a result of the Romingers' false statements and omissions, the Discharge Objection

23    Deadline passed, the Romingers received a discharge and the Bankruptcy Case was closed without the

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk22ez01c4

| | |
|---|---|
| 1 | Receiver, Glacia, Roberts or the other belatedly scheduled Glacia investors having an opportunity to |
| 2 | object. |
| 3 |     16.    The Romingers procured their discharge through fraud. |
| 4 |     17.    The Receiver, Glacia and Roberts were unaware of the fraud, and indeed of the |
| 5 | Bankruptcy Case at all, until the Romingers' discharge had been granted and the Bankruptcy Case had |
| 6 | been closed. |
| 7 |     18.    The Romingers' discharge should be revoked pursuant to 11 U.S.C. § 727(d)(1). |

**V.    REQUESTED RELIEF**

1.    For judgment revoking the Romingers' discharge pursuant to 11 U.S.C. § 727(d)(1); and

2.    For such other relief as the Court may deem just and equitable.

DATED this __ day of _____, 2024.

BUSH KORNFELD LLP

By_____/s/ Christine M. Tobin-Presser_____
  Christine M. Tobin-Presser, WSBA #27628
  Attorneys for Plaintiff Jonathan Roberts

COMPLAINT FOR REVOCATION OF DISCHARGE
PURSUANT TO 11 U.S.C. 727(d)(1)– Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hk22ez01c4

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re | No. 24-11790-CMA (Ch. 7) |
|---|---|
| CRAIG CLINTON ROMINGER and HEIDI KAY ROMINGER, | [PROPOSED] ORDER GRANTING MOTION TO REOPEN BANKRUPTCY CASE IN ORDER TO SEEK REVOCATION OF DISCHARGE |
| Debtors. | |
| | **CLERK'S ACTION REQUIRED** |

THIS MATTER came before the Court upon the motion to reopen the above-captioned case filed by Jonathan Roberts ("Roberts"). The Court finds that cause exists for the requested relief. Now, therefore, it is hereby

**ORDERED** that the above-captioned bankruptcy case be reopened so that Roberts may seek revocation of the debtors' discharge pursuant to 11 U.S.C. § 727(d)(1) and for such other purposes as the Court may find appropriate.

/ / /End of Order/ / /

ORDER GRANTING MOTION TO REOPEN BANKRUPTCY CASE IN
ORDER TO SEEK REVOCATION OF DISCHARGE – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hm06cw01d8

1    Presented by:

2    BUSH KORNFELD LLP

3

By_____

4     Christine M. Tobin-Presser, WSBA #27628
Attorneys for Jonathan Roberts

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER GRANTING MOTION TO REOPEN BANKRUPTCY CASE IN
ORDER TO SEEK REVOCATION OF DISCHARGE – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

hm06cw01d8